## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**SCOTT HAUKEREID, individually and as**
**Personal Representative of the Estate of**
**Andrew Haukereid Jr., deceased**                              **PLAINTIFF**

v.                                   **No. 3:13-cv-92-DPM**

**NATIONAL PASSENGER RAILROAD**
**CORPORATION, t/d/b/a AMTRAK**                           **DEFENDANT**

### ORDER

This lawsuit alleges that Andrew J. Haukereid Jr., an elderly gentleman, fell to his death from a moving Amtrak train. His family faults the design of the doors and the conduct of Amtrak personnel. The railroad's motion to dismiss is granted in part and denied in part.

The Court cannot say without more facts whether the door-safety regulations apply to the cars and doors in the train Haukereid rode or whether those regulations cover the subject matter of Arkansas tort law in these circumstances. *CSX Transportation Inc. v. Easterwood*, 507 U.S. 658 (1993); *Cearley v. General Am. Transportation Corp.*, 186 F.3d 887 (8th Cir. 1999). Amtrak's motion to dismiss on preemption grounds is therefore denied

without prejudice. This issue is best addressed on summary judgment—a focused motion based on the material facts and the governing law.

Amtrak's *Donnelly* argument is premature too. Arkansas law makes proximate cause and intervening cause a jury question in most cases. *Larson Machine, Inc. v. Wallace*, 268 Ark. 192, 207–08, 600 S.W.2d 1, 9–10 (1980); *St. Louis Southwestern Ry. Co. v. Pennington*, 261 Ark. 650, 662–63, 553 S.W.2d 436, 441–42 (1977). We will see, after discovery, if the record leaves the jury to guess at causation "between two equally probable possibilities." 261 Ark. at 663, 553 S.W.2d at 442. *Compare Donnelly v. National Railroad Passenger Corp. (Amtrak)*, 16 F.3d 941, 946 (8th Cir. 1994) (holding trial evidence insufficient to show proximate cause).

Amtrak is right, however, that the pleaded facts, interpreted most favorably to the Haukereids, do not support an outrage claim. Not all offensive conduct is outrageous under Arkansas law. "The conduct at issue must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Freeman v. Bechtel Construction Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996) (Arkansas law)(quotation omitted). The Haukereid

-2-

Estate alleges that, in light of a many-year history of passengers falling off trains, the failure to investigate that possibility, or alert Mr. Haukereid's family to it, was outrageous. This Court predicts the Arkansas Supreme Court would hold otherwise. The complaint does not allege that Amtrak exercised dominion over Mr. Haukereid's body, or acted affirmatively in some intolerable way. *Compare Travelers Insurance Co. v. Smith*, 991 S.W.2d 591, 338 Ark. 81 (1999) *and Growth Properties I v. Cannon*, 669 S.W.2d 447, 282 Ark. 472 (1984). The railroad's alleged inaction and silence in these circumstances, the Court predicts, would be adjudged to sound in negligence, rather than outrage, given that intentional tort's short reach in Arkansas.

Motion, № 13, granted in part and denied in part. Unopposed motion to file an amended complaint, № 7, granted. Amended complaint, minus the outrage claim, due by 3 July 2013. Motion for an order to preserve evidence, № 3, denied. The Court will follow precedent if a spoliation issue arises. *Morris v. Union Pacific Railroad,* 373 F.3d 896 (8th Cir. 2004); *Stevenson v. Union Pacific Railroad Co.*, 354 F.3d 739 (8th Cir. 2004). Motion for leave to serve a subpoena on Union Pacific, № 5, denied as moot in light of the parties' Rule 26(f) report.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_25 June 2013_