# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

SCOTT HAUKEREID, individually and as
Personal Representative and Administrator
of the Estate of Andrew Haukereid Jr., deceased          PLAINTIFF

v.                          No. 3:13-cv-92-DPM

NATIONAL PASSENGER RAILROAD
CORPORATION, d/b/a AMTRAK                                DEFENDANT

## ORDER

The Court held a discovery hearing with counsel on 12 December 2013. For the reasons stated on the record, the Court took the following actions.

**1.** Amtrak's objection to Haukereid's Interrogatory 10 and Request for Production 10 is overruled. The Court orders Amtrak to provide the phone numbers of the others passengers, and their mailing addresses and email addresses, if available.

**2.** Amtrak's objection to Haukereid's Interrogatory 11 and Request for Production 11 is sustained. With the exception of the one employee who no longer works for Amtrak, Haukereid may communicate with these Amtrak employees only in the presence of counsel. *Paris v. Union Pacific Railroad Co.*,

450 F. Supp. 2d 913, 914-15 (E.D. Ark. 2006); ARK. RULES OF PROFESSIONAL CONDUCT R. 4.2, cmt. 7. As discussed, key individuals should be deposed; all others informally interviewed.

**3.** Amtrak's objection to Haukereid's Interrogatory 16 and Request for Production 16 is overruled. Amtrak shall produce the investigation reports for every incident involving a passenger who fell out of a door while a train was between stops.

**4.** Amtrak's objection to Haukereid's Interrogatory 17 is sustained.

**5.** Amtrak's objection to Haukereid's Interrogatory 24, which the Court construes as a request for a privilege log, is mostly overruled. But if Amtrak asserts any particularized objection based on attorney-client privilege or work product, then Amtrak must prepare a privilege log.

**6.** Amtrak's objection to Haukereid's Request for Production 13 is overruled. The Court orders Amtrak to make and provide copies of the passenger surveillance videos and charge Haukereid a reasonable cost for reproduction.

**7.** Amtrak's objection to Haukereid's Request for Production 26 is sustained. Amtrak's communications with the Federal Railroad

Administration about this accident are protected. 49 U.S.C. § 20903; 49 C.F.R. § 225.7(b).

**8.** Amtrak's objection to Haukereid's Request for Production 29 is mostly overruled. The Court orders Amtrak to produce design-change studies relating to how doors open and close, dating back twenty years from the date of the accident.

**9.** Haukereid's objection to contention discovery is overruled. The Court orders Haukereid to respond to the contention discovery, Interrogatories 14, 15, & 16, and Requests for Production 32, 33, & 36, with the facts it now has, reserving the right to supplement until discovery ends.

**10.** Haukereid's objection to discovery about statutory beneficiaries is overruled in part and sustained in part. The Court orders Haukereid to provide mental health authorizations covering the last twenty years for each statutory beneficiary, Second Requests for Production 1, 2, 3, & 4, and Greg Haukereid's arrest and criminal conviction history, First Request for Production 41. The Court sustains Haukereid's objection to the full health authorizations, First Requests for Production 3 & 4.

**11.** Haukereid's objection to Request for Production 53 is sustained.

**12.** Haukereid's oral motion for the event recorder data is denied without prejudice.

Supplemental production by each party due by 15 January 2014.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

*13 December 2013*