IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SCOTT HAUKEREID, individually and as
Personal Representative and Administrator
of the Estate of Andrew Haukereid Jr., deceased           PLAINTIFF

v.                          No. 3:13-cv-92-DPM

NATIONAL PASSENGER RAILROAD
CORPORATION, d/b/a AMTRAK                                 DEFENDANT

ORDER

Haukereid sent the attached letter to Chambers after today's telephone conference. The Court would appreciate a short response from Amtrak on Tuesday, after it makes the supplemental production. Please file the response on the docket. The Court will rule promptly thereafter.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 July 2014

JAMES BRUCE McMATH
SAMUEL E. LEDBETTER
WILL BOND
NEIL CHAMBERLIN
CHARLES D. HARRISON
CARTER C. STEIN
ROSS NOLAND

MART VEHIK, OF COUNSEL
PHILLIP H. McMATH, OF COUNSEL

SIDNEY S. McMATH (1912-2003)
LELAND LEATHERMAN (1915-2006)
HENRY WOODS (1918-2002)
WINSLOW DRUMMOND (1933-2005)

**McMath Woods P.A.**
ATTORNEYS AT LAW

711 WEST THIRD STREET
LITTLE ROCK, AR 72201
501-396-5400
FAX: 501-374-5118
www.mcmathlaw.com

CARTER C. STEIN
Direct No. 501-396-5409
carter@mcmathlaw.com

ANGEL DORSEY
Paralegal
501-396-5444
angel@mcmathlaw.com

July 18, 2014

*Via E-Mail*

Hon. D. P. Marshall Jr.
600 West Capitol Avenue, Room B155
Little Rock, AR 72201

RE:   *Scott Haukereid, Individually and as Personal Representative and Administrator of the Estate of Andrew Haukereid, Jr., deceased v. National Railroad Passenger Corporation, t/d/b/a Amtrak*
      USDC, Eastern District of AR, Jonesboro Division; Case No. 3:13-CV-00092 DPM/BD

Dear Judge Marshall:

Following our conference call it occurred to us that it might be useful for the court to require the defendant to produce any documents it withholds to the court, to include those withheld on responsiveness grounds. Frankly we are concerned that that defense counsel may define relevance more narrowly than may be justified.

As the court knows, discovery is to be liberally construed. Documents withheld on responsiveness grounds require no privilege log and hence the plaintiff will be blind as to what is being withheld. Given that the witness has deemed these materials relevant you can understand plaintiff's concern. Further, the witness will doubtless be asked about these documents generically at the deposition if they are not produced and if such inquiry turns up relevance we will all be in a mess. Plaintiff is concerned that the Defendant is intent upon using the court's order defining the scope of this deposition as means to obstruct relevant discovery beyond that justified or intended by the court. If such an intent is revealed in the withheld documents, on responsiveness grounds, it will save us all trouble and expense later.

Sincerely,

James Bruce McMath

JBM/sm

Cc via e-mail:   Scott Tucker
                 Kristopher B. Knox

*Since 1953, a tradition of legal excellence.*