## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

SCOTT HAUKEREID, Individually and as
Personal Representative and Administrator
of the Estate of Andrew Haukereid, Jr., deceased          **PLAINTIFF**

v.                                    No. 3:13-cv-92-DPM

NATIONAL PASSENGER RAILROAD
CORPORATION, d/b/a Amtrak                      **DEFENDANT**

## ORDER

For the reasons stated on the record at the end of the 30 October 2014

hearing, and as supplemented here, Amtrak's motion for summary judgment

is granted. Here's the summary. Haukereid's warnings claim is pre-empted

by 49 C.F.R. § 239.107. Haukereid's door claim is not pre-empted by 49 C.F.R.

§ 238.235. A reasonable jury could conclude, taking the facts in the light most

favorable to Haukereid, that the railroad violated its duty of care by not

passing along information between crews about Haukereid's confusion, not

being more vigilant about his circumstances, and not providing more training

to crew members about the exit dangers faced by older travelers, especially

at night. How Haukereid got off this train, though, remains unexplained.

And the jury would have to speculate among alternatives: an accidental exit

prompted by mental confusion and a door mistake; an accident involving a window or door opened by someone else; or perhaps an exit involving a third party. But no one knows what happened, or can know with sufficient certainty, based on the existing record.

Nothing of record supports an inference of suicide by this energetic older man who was headed to a family celebration of his eightieth birthday. So the law's presumption against harming oneself holds, and the Court doesn't consider that a reasonable possibility. *Pennsylvania Railroad Co. v. Pomeroy*, 239 F.2d 435, 438 n.1 (D.C. Cir. 1956). A third person's involvement is possible, but seems unlikely given the lack of record evidence about motive or anyone else being in the vestibule. The jury would, the Court concludes, be left to speculate between the remaining two possibilities. Precedent doesn't allow this. *St. Louis Southwestern Ry. Co. v. Pennington*, 261 Ark. 650, 662–63, 553 S.W.2d 436, 441–42 (1977); *Donnelly v. National Railroad Passenger Corp. (Amtrak)*, 16 F.3d 941, 946 (8th Cir. 1994); *see also Pomeroy*, 239 F.2d at 443; *Harris v. National Passenger Railroad Corp.*, 79 F. Supp. 2d 673, 678–80 (E.D. Tex. 1999).

Whatever Haukereid's mental state that early morning, it doesn't compare with Kiilsgaard's epileptic seizures, which a doctor concluded caused this passenger to mistake the exit for a bathroom and rush out. *Kiilsgaard v. Amtrak*, No. 93318, *2 (Super. Ct. Cty. Monterey June 12, 1997), *aff'd Kiilsgaard v. Amtrak*, No. H017553 (Cal. App. 6th June 30, 1999) (not certified for publication). No speculation was required for the fact finder to conclude that the railroad's failure to do more to protect Kiilsgaard was a proximate cause of his death. Here, by contrast, causation is not addressed by the medical evidence.

A word about the doors. Haukereid's experts could not say with sufficient certainty that any of their recommended changes would have prevented Haukereid's leaving the train. Speculation about the actual events necessarily clouds the analysis (whether of engineering, design, or human factors) about difficult features and systems, and whether their absence made any difference. Just like the experts, a jury couldn't say without speculating that the absence of the door features led, in a natural and continuous sequence, to Haukereid's death. *Pennington*, 261 Ark. at 662–63, 553 S.W.2d at 441–42; *Donnelly*, 16 F.3d at 946.

-3-

Finally, the estate's allegations about what Amtrak did and didn't do during the investigation fail as a matter of law. The Court dismissed the outrage claim. № 21. And Arkansas wouldn't recognize a claim for negligent infliction of emotional distress in the circumstances presented. *FMC Corp., Inc. v. Helton*, 360 Ark. 465, 481, 202 S.W.3d 490, 502 (2005).

\* \* \*

Amtrak's motion for summary judgment, № 71, is granted. All other motions — № 77, 79, 81, & 83 — are denied as moot.

So Ordered.

D.P. Marshall Jr.
United States District Judge

4 November 2014

-4-